Edward TUCCIO, Plaintiff–Appellant,

v.

Steven D. PAPSTEIN, Defendant–Appellee.

No. 07–4405–cv.

United States Court of Appeals, Second Circuit.

Jan. 22, 2009.

---

Norman A. Pattis, Bethany, CT, (John R. Williams, of counsel, New Haven, CT), for Plaintiff–Appellant.

Scott M. Karsten, Karsten, Dorman, & Tallberg, LLC, West Hartford, CT, for Defendant–Appellee.

PRESENT: JOSÉ A. CABRANES, DEBRA ANN LIVINGSTON, Circuit Judges, RICHARD K. EATON,* Judge.

## SUMMARY ORDER

Plaintiff-appellant Edward Tuccio appeals from a judgment in favor of defendant Steven D. Papstein entered by the District Court on Papstein's motion for summary judgment in this action for false arrest. *See Tuccio v. Papstein,* 516 F.Supp.2d 199 (D.Conn.2007). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Tuccio challenges the decision of the District Court on two grounds, both of which are devoid of merit.

■ First, Tuccio argues that the District Court erred by denying his motion to strike several statements in Papstein's affidavit for containing what he urged was inadmissible hearsay. We agree with the District Court that "the challenged paragraphs are not hearsay because defendant is not offering them for the truth of the matters asserted. The statements are instead offered to show the information he had when he applied for the arrest warrant." *Id.* at 200; *see* Fed.R.Evid. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); *see also United States v. Puzzo,* 928 F.2d 1356, 1365 (2d Cir.1991) ("[The] proffered testimony regarding these conversations apparently was not offered for the truth of the matters asserted. Thus, the statements would not have been hearsay as offered." (internal citation omitted)). For

* The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting    by designation.

example, the identification by three witnesses of Tuccio's voice on the recorded calls, J.A. 29, 32, was not offered to prove that Tuccio's voice was, in fact, the voice recorded, but for the purpose of showing that three witnesses told Papstein that they recognized the voice to be that of Tuccio. Such evidence is properly before a fact finder charged with determining whether, in light of the then-available information, a police officer had probable cause to seek an arrest warrant. *See Caldarola v. Calabrese,* 298 F.3d 156, 162 (2d Cir.2002) ("When determining whether probable cause exists courts must consider those facts available to the officer at the time of the arrest and immediately before it." (internal quotations omitted)); *Vasquez v. McPherson,* 285 F.Supp.2d 334, 339 (S.D.N.Y.2003) ("[T]the fact that [the defendant officer] was told there might be an outstanding warrant is relevant to whether a reasonable officer in [the defendant's] position had reason to believe that plaintiff had committed a crime."). We see no basis to disturb the decision of the District Court to deny Tuccio's motion to strike these statements.

Second, Tuccio maintains that the District Court should have allowed a jury to determine whether Papstein submitted a materially false affidavit in support of the arrest warrant underlying this action. We disagree because the alleged misrepresentations in Papstein's affidavit were not material. Tuccio argues that "[t]he warrant is materially false ... [because] it associates the phone number of the caller to the banking department with Eleven Levels Road [Tuccio's residence]" rather than the residence of Tuccio's brother. Appellant's Br. 17. As the District Court explained, even if "Papstein's affidavit [is] corrected in a manner most favorable to the plaintiff's claim, [it] still supports a finding of probable cause. [Tuccio] had

access to the telephone, and it was registered to his company. Taking these facts along with the others in Papstein's affidavit, probable cause to arrest [Tuccio] would still remain." *Tuccio,* 516 F.Supp.2d at 205.

Tuccio also maintains that it was misleading for Papstein to "fail[ ] to alert the reviewing magistrate that he had obtained a copy of the plaintiff's deposition transcript in which he denied making the calls." Appellant's Br. 17. The record is devoid of evidence showing that Papstein had obtained a copy of that deposition transcript prior to the submission of his affidavit in support of the arrest warrant. Even if Papstein had been aware of Tuccio's denial and had included that denial in his affidavit, we, like the District Court, conclude that, as a matter of law "probable cause existed for plaintiff's arrest," notwithstanding Tuccio's denial. *Tuccio,* 516 F.Supp.2d at 206.

We have considered all of Tuccio's arguments on appeal and found them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.